IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

CHANELLE SATTERFIELD, )
)
Plaintiff, )
)
vs. )    No. CIV-17-1263-W
)
GOVERNMENT EMPLOYEES INSURANCE )
COMPANY, )
)
Defendant. )

## ORDER

On June 22, 2016, plaintiff Chanelle Satterfield filed suit in the District Court for Garfield County, Oklahoma, against Kailee Taylor. See Doc. 1-2. Satterfield alleged that she was a passenger in an automobile that was struck by an automobile driven by Taylor and as a result of Taylor's negligent operation of her vehicle, she (Satterfield) sustained injury. See id.

Satterfield and Taylor "settled all issues[,]" Doc. 1-7, between them, and on June 21, 2017, Satterfield dismissed her claim against Taylor with prejudice. See Doc. 1-9. On July 18, 2017, Satterfield, with leave of court, filed an amended petition and named as defendant, her insurer, Government Employees Insurance Company ("GEICO"). See Doc. 1-10.

In her second amended petition filed on November 22, 2017, see Doc. 1-12, Satterfield alleged that on July 24, 2014, the date of the accident, she was insured by GEICO under an automobile policy, No. 4163-72-30-10 ("Policy"), which provided

uninsured/underinsured motorist ("UM") benefits[1] and that she made a claim for such benefits.   Satterfield further alleged that GEICO failed to reasonably and properly investigate and evaluate her claim,[2] and when it determined that she was not entitled to UM coverage,[3] GEICO not only breached the terms of the Policy, but also breached its implied duty to deal fairly and to act in good faith with its insured.

GEICO removed the action on November 22, 2017, see Doc. 1, and asserted in the Notice of Removal that this Court has subject matter jurisdiction under title 28, section 1332 of the United States Code because the citizenship of the parties is diverse[4] and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. See Doc. 1 at 5; Doc. 1-12 at 8.

---

[1]The Policy issued by GEICO provided UM benefits in the amount of $300,000.00 per person/$300,000.00 per accident. See Doc. 13-4. Satterfield paid premiums for three vehicles as evidenced by the Declarations relevant to the coverage period, May 5, 2014, to November 5, 2014. See id. at 1.

[2]At the time of the accident, Taylor had in effect a policy of insurance with State Farm Insurance Company. Liability for bodily injury under that policy was limited to $100,000.00. See Doc. 1-16. It was GEICO's opinion that Satterfield was not entitled to UM benefits because, as it advised Satterfield by letter dated May 17, 2016, Satterfield's "claim [was] . . . within . . . [Taylor's policy] limits." Id. at 2.

[3]GEICO's decision on May 17, 2016, regarding UM benefits, see id., was issued before Satterfield filed suit against Taylor in state court. See Doc. 1-2.

[4]While GEICO stated in its Notice of Removal that Satterfield is a resident of the State of Virginia, see Doc. 1-10 at 1, ¶ 1, it did not include any allegations regarding Satterfield's citizenship. See Siloam Springs Hotel, L.L.C. v. Century Surety Co., 781 F.3d 1233, 1238 (10th Cir. 2015)(individual's residence is not equivalent to her domicile and it is domicile that is relevant for determining citizenship); Whitelock v. Leatherman, 460 F.2d 507, 514 n.14 (10th Cir. 1972) (allegation that party is resident of a state is not equivalent to allegation of citizenship and is insufficient to confer jurisdiction)).
     GEICO is incorporated under the laws of the State of Maryland and maintains its principal place of business in Chevy Chase, Maryland. See Doc. 1-17. For purposes of diversity jurisdiction, GEICO is deemed to be a citizen of that state. See 28 U.S.C. § 1332(c).

The matter now comes before the Court on GEICO's Motion to Dismiss. Satterfield has responded, and GEICO has filed a reply in support of its argument that dismissal of this action is warranted under Rules 12(b)(2)[5] and 12(b)(3), F.R.Civ.P., and title 28, section 1406(a) of the United States Code because the Court lacks personal jurisdiction over GEICO and venue is improper and in support of its alternate argument that transfer of this matter is warranted under title 28, section 1404(a) of the United States Code.

"[J]urisdiction of the person traditionally has been analyzed in terms of two different elements[.]"  1 R. Casad & W. Richman, Jurisdiction in Civil Actions at 6, § 1-1[2][a] (3d ed. 1998)("JCA").  The first element—process—pertains to the "officially prescribed procedural steps [that] must be taken to connect the party to the [C]ourt's authority[,]" id. at 8, § 1-1[2][b]; "[t]he act of performing the prescribed steps [constitutes] . . . service of process." Id. (emphasis deleted).  That is to say, "'service of process . . . provides the mechanism by which [this] . . . [C]ourt having . . . jurisdiction over the subject matter of [the] . . . action asserts jurisdiction over the person of the party served.'"  Hukill v. Oklahoma Native American Domestic Violence Coalition, 542 F.3d 794, 797 (10th Cir.

---

[5]In determining whether dismissal under Rule 12(b)(2), F.R.Civ.P., is warranted, the Court has discretion to decide which procedure to use to resolve the issue of personal jurisdiction raised by GEICO. E.g., Federal Deposit Insurance Corp. v. Oaklawn Apartments, 959 F.2d 170, 174 (10th Cir. 1992).  "Facts regarding jurisdictional questions may be determined by reference to affidavits [or other written materials], by a pretrial evidentiary hearing, or at trial when the jurisdictional issue is dependent upon a decision on the merits." Id. (citations omitted).  While the plaintiff always has the burden of proving personal jurisdiction, that "burden varies depending upon the pretrial procedure employed by the . . . [C]ourt." Id. (citations omitted).

After reviewing the instant record, the Court has concluded that the issue of personal jurisdiction shall be resolved by reference to the documents submitted by the parties. Accordingly, Satterfield "need only make a prima facie showing[,]'" id. (quoting Behagen v. Amateur Basketball Association, 744 F.2d 731, 733 (10th Cir. 1984)(further citations omitted)), and "[t]he [jurisdictional] allegations in the [second amended petition] . . . must be taken as true to the extent they are uncontroverted[.]" Behagen, 744 F.2d at 733 (citations omitted); e.g., Benton v. Cameco Corp., 375 F.3d 1070, 1074 (10th Cir. 2004)(all factual disputes resolved in plaintiff's favor in determining whether plaintiff has made prima facie showing).

2008)(quoting <u>Oklahoma Radio Associates v. Federal Deposit Insurance Corporation</u>, 969 F.2d 940, 943 (10th Cir. 1992)).

Because there is no issue regarding whether GEICO has been properly served in this case, <u>see</u> Doc. 1-13, the Court has considered the second element of jurisdiction over the person—basis, <u>e.g.</u>, <u>JCA</u> at 6, § 1-1[2][a], which refers to "the relationship among the defendant, the forum, and the litigation . . . ." <u>Shaffer v. Heitner</u>, 433 U.S. 186, 204 (1977).

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state[.]" <u>Far West Capital, Inc. v. Towne</u>, 46 F.3d 1071, 1074 (10th Cir. 1995). In Oklahoma, a court may exercise jurisdiction over a nonresident defendant only (1) if it is statutorily authorized to do so, and (2) if its exercise of jurisdiction is consistent with the due process clause of the fourteenth amendment to the United States Constitution. <u>E.g.</u>, <u>Rambo v. American Southern Insurance Co.</u>, 839 F.2d 1415, 1416 (10th Cir. 1988). <u>See</u> <u>Old Republic Insurance Co. v. Continental Motors, Inc.</u>, 877 F.3d 805, 903 (10th Cir. 2017)(law of forum state and constitutional due process limitations govern personal jurisdiction in federal court); <u>Wenz v. Memery Crystal</u>, 55 F.3d 1503, 1506-07 (10th Cir. 1995)(court must initially determine whether exercise of jurisdiction is sanctioned by state's long-arm statute, which is question of state law, and then determine whether exercise of jurisdiction comports with Constitution's due process requirements).

Because the applicable Oklahoma statute provides that

[a] court of this state may exercise jurisdiction on any basis consistent with the Constitution[s] of this state and . . . the United States,

4

12 O.S. § 2004(F), that two-part test has "collapse[d] into a single due process analysis[.]" Rambo, 839 F.2d at 1416; e.g., Bristol-Myers Squibb Co. v. Superior Court of California, 137 S. Ct. 1773, 1779 (2017)(long established that personal jurisdiction subject to fourteenth amendment due process clause).

In this context, due process requires a nonresident defendant to "have certain minimum contacts with . . . [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)(quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940))(further citations omitted).  Whether due process is satisfied in a given case depends upon "the quality and nature of," Hanson v. Denckla, 357 U.S. 235, 253 (1958), a nonresident defendant's "'contacts, ties, or relations[,]'" Burger King Corporation v. Rudzewicz, 471 U.S. 462, 472 (1985)(quoting International Shoe, 326 U.S. at 319) (footnote omitted), with the forum state, and in evaluating a nonresident defendant's alleged "'contacts, ties, or relations[,]'" id., the Court recognizes there are "two types of personal jurisdiction:  'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." Bristol-Myers, 137 S. Ct. at 1780 (citing Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)).

"Specific jurisdiction calls for a two-step inquiry:  (a) whether the plaintiff has shown that the defendant has minimum contacts with the forum state; and, if so, (b) whether the defendant has presented a 'compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" Old Republic Insurance, 877 F.3d at 904 (quoting Burger King, 471 U.S. at 476-77)(further citation omitted).  The first step—the minimum contacts test—itself "encompasses two distinct requirements:  (i) that

5

the defendant must have 'purposefully directed its activities at residents of the forum state,' [or '"purposefully availed" itself of the privilege of conducting activities . . . in the forum state[,]' Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1071 (10th Cir. 2008),[6]] and (ii) that 'the plaintiff's injuries must arise out of [the] defendant's forum-related activities.'" Old Republic Insurance, 877 F.3d at 904 (quoting Shrader v. Biddinger, 633 F.3d 1235, 1239 (10th Cir. 2011)(further quotations omitted))(further citation and footnote omitted).

Thus, critical to the Court's specific jurisdiction inquiry (and dispositive of that inquiry in this case) is "whether [Satterfield's] . . . injuries 'arise out of' [GEICO's] . . . forum-related activities."[7] Id. at 908; e.g., Anzures v. Flagship Restaurant Group, 819 F.3d 1277, 1280 (10th Cir. 2016); Dudnikov, 514 F.3d at 1071. "Specific jurisdiction . . . depends on

---

[6]Certain circuits have stated "'that the determination of specific personal jurisdiction is a claim-specific inquiry.'" Grynberg v. Ivanhoe Energy, Inc., 490 Fed. Appx. 86, 92 n.4 (10th Cir. 2012)(quotation omitted)(cited pursuant to Tenth Cir. R. 32.1). "'That [a] . . . court has personal jurisdiction over one defendant as to a particular claim does not necessarily mean that th[at] court has personal jurisdiction over that same defendant as to other claims by the same plaintiff.'" Id. (quotation and further citations omitted).

While the Tenth Circuit has not mandated a claim-by-claim jurisdictional analysis, it has observed that "[t]he first element [of the Court's specific jurisdiction analysis] can appear in different guises.  In the tort context, [courts] . . . often ask whether the nonresident defendant 'purposefully directed' its activities at the forum state; in contract cases, meanwhile, [courts] . . . sometimes ask whether the defendant 'purposefully availed' itself of the privilege of conducting activities or consummating a transaction in the forum state. Dudnikov, 514 F.3d at 1071 (citing Bell Helicopter Textron, Inc. v. Heliqwest International, Ltd., 385 F.3d 1291, 1296 (10th Cir. 2004); Pro Axess, Inc. v. Orlux Distribution, Inc., 428 F.3d 1270, 1277 (10th Cir. 2005); OMI Holdings, Inc. v. Royal Insurance Co. of Canada, 149 F.3d 1086, 1092 (10th Cir. 1998)).  It has further observed, "[i]n any event, the terms 'purposeful direction' and 'purposeful availment' denote the same requirement[,]" Old Republic Insurance, 877 F.3d at 904 n.11, and "have the 'shared aim . . . [of] ensur[ing] that an out-of-state defendant is not bound to appear to account for merely 'random, fortuitous, or attenuated contacts' with the forum state.'" Id. (quotation and further citation omitted).

[7]"The purposeful direction and 'arising out of' requirements together comprise the minimum contacts analysis.  Courts do not always address these requirements separately or in the same sequential order." Id. at 909 n.19 (citation omitted).

an 'affiliation[n] between the forum and the underlying controversy,' principally, [an] activity or an occurrence that takes place in the forum State[8] and is therefore subject to the State's regulation.'" Goodyear, 564 U.S. at 919 (quotation and citation omitted); e.g., Old Republic Insurance, 877 F.3d at 908. For this reason, "specific jurisdiction is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" Goodyear, 564 U.S. at 919 (quotation omitted)(emphasis added).

Satterfield is not an Oklahoma resident; she resides in Virginia, see Doc. 1-2 at 2, ¶ 1; Doc. 13-2 at 5, and GEICO issued the Policy to Satterfield in that state. See Doc. 12-3. After Satterfield was injured in an automobile accident in Oklahoma,[9] counsel retained in Oklahoma made a claim for UM benefits on her behalf by letter addressed to GEICO in Fredericksburg, Virginia. See Doc. 12-6. GEICO investigated and evaluated Satterfield's claim and ultimately determined that she was not entitled to UM benefits;[10]

---

[8]"[T]he relationship between a defendant and the forum State 'must arise out of contacts that "the defendant himself" creates with the forum State,' and those contacts must be 'with the forum State itself, not . . . with persons who reside there[.]'" Anzures, 819 F.3d at 1280 (quoting Walden v. Fiore, 134 S. Ct. 1115, 1122 (2014)(quoting Burger King, 471 U.S. at 475)(emphasis deleted)). "'[A] plaintiff's contacts with the forum State cannot be "decisive in determining whether the defendant's due process rights are violated."'" Id. (quoting Walden, 134 S. Ct. at 1119 (quoting Rush v. Savchuk, 444 U.S. 320, 332 (1980))). "'[T]hat [a defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction.'" Id. (quoting Walden, 134 S. Ct. at 1126). This is so because "'[d]ue process requires that a defendant be haled into court in a . . . State based on his own affiliation with th[at] State, not based on the "random, fortuitous, or attenuated" contacts he makes by interacting with other persons affiliated with the State.'" Id. at 1280-81 (quoting Walden, 134 S. Ct. at 1123 (quoting Burger King, 471 U.S. at 475)).

[9]That Satterfield was injured in an automobile accident in Oklahoma and briefly treated for those injuries in this forum is happenstance. The forum itself must be the focal point of the plaintiff's claims; in this instance, it is GEICO's decision that Satterfield's was not entitled to UM benefits that gives rise to this lawsuit, and not the automobile accident.

[10]To the extent Satterfield has relied on GEICO's communications with its own counsel or with her counsel in this state, again, the Court "looks to the defendant's contacts with the forum

despite Satterfield's speculations to the contrary, that investigation, evaluation and determination, which gives rise to Satterfield's causes of action, and the harm that has allegedly resulted therefrom,[11] and for which Satterfield seeks compensation in this lawsuit, did not occur in the forum state.[12]

Thus, while Satterfield's burden at this stage "is light[,]" Doe v. National Medical Services, 974 F.2d 143, 145 (10th Cir. 1992), the Court finds Satterfield has not shown that her claims for breach of contract and breach of the implied covenant of good faith and fair dealing "arise out of or relate to" GEICO's contacts with this State. That is to say, Satterfield has not shown that GEICO's "challenged conduct had anything to do with [Oklahoma] itself[,]" Walden v. Fiore, 134 S. Ct. 1115, 1125 (2014), that "'[an] activity or an occurrence [took] . . . place in the forum[,]'" Goodyear, 564 U.S. at 919 (quotation and citation omitted), or that the issues to be adjudicated "'deriv[e] from, or [are] connected with, the very controversy that establishes jurisdiction.'" Id. (quotation omitted). Thus, "specific jurisdiction is lacking regardless of the extent of . . . [GEICO's] unconnected activities in th[is] State." Bristol-Myers, 137 S. Ct. at 1781.

As stated, the first step of the Court's specific jurisdiction analysis—the minimum contacts test—also encompasses the distinct requirement "that the defendant must have

___

State itself, not the defendant's contacts with persons who reside there." Walden, 134 S. Ct. at 1122 (citations omitted). Likewise, to the extent Satterfield has relied on her own in-state actions, "the plaintiff cannot be the only link between the defendant and the forum[,]" id., and "a defendant's relationship with a plaintiff . . . , standing alone, is an insufficient basis for jurisdiction." Id. (citation omitted); e.g., Burger King, 471 U.S. at 475 (defendant cannot be haled into forum solely as a result of unilateral activity of another party).

[11]See Walden, 134 S. Ct. at 1125 (proper question is not where plaintiff experienced injury or effect, but whether defendant's conduct meaningfully connects him to forum).

[12]GEICO's claims handling process involved individuals located in among other places San Diego, California, see, e.g., Doc. 13-2 at 1-3, 7, 9-10, and Dallas Texas. See id. at 11-15.

'purposefully directed its activities at residents of the forum state,'" <u>Old Republic Insurance</u>, 877 F.3d at 904 (quotation omitted), or "'purposefully availed' itself of the privilege of conducting activities . . . in th[is] . . . state." <u>Dudnikov</u>, 514 F.3d at 1071 (citations omitted). In addressing this requirement, Satterfield relied on a provision of the Policy titled "Policy Period and Territory." Doc. 12-2 at 13. That provision reads in pertinent part:

    A. This policy applies only to accidents and losses which occur:

        1. During the policy period as show in the Declarations; and

        2. Within the policy territory.

    B. The policy territory is:

        1. The United States of America . . . .

<u>Id</u>. Part F – General Provisions.

To the extent, if any, Satterfield has met her burden of showing minimum contacts based on this provision,[13] the Court must engage in the second step of the two-step inquiry[14] and "'inquire whether the exercise of personal jurisdiction [over GEICO] would

---

[13]<u>See</u> <u>TH Agriculture & Nutrition, LLC v. Ace European Group Ltd.</u>, 488 F.3d 1282 (10th Cir. 2007)("insurers quite clearly avail themselves of the privilege of conducting business in a forum state when that state is included in an insurance policy's territory of coverage"); <u>Melvin v. Farm Bureau Property & Casualty Insurance Co.</u>, 2014 WL 12730319 (W.D. Okla. 2014). <u>But see</u> <u>OMI Holdings, Inc. v. Royal Insurance Co. of Canada</u>, 149 F.3d 1086, 1095 (10th Cir. 1998) (insurance company that issues policy in which it agreed to defend its insured in certain forum can undoubtedly foresee that it may have to provide defense for that insured who is haled into court there; it does not follow, however, that by agreeing to defend in forum, that insurance company also by implication agreed that it will litigate disputes between it and its insured regarding terms of insurance contract in a foreign forum).

[14]Even if a "defendant's contacts satisfy[y] the minimum contacts test (which includes the purposeful direction [or purposeful availment] requirement), [the Court may] . . . nevertheless h[o]ld that specific jurisdiction [is] . . . improper based on the fair play and substantial justice (or reasonableness) prong of the due process analysis." <u>Old Republic Insurance</u>, 877 F.3d at 913 n.24 (citation omitted).

offend traditional notions of fair play and substantial justice.'" Shrader, 633 F.3d at 1240 (quotations omitted)). "'In doing so, [the Court is] . . . cognizant of the fact that, with minimum contacts established, it is incumbent on . . . [GEICO] to present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" Old Republic Insurance, 877 F.3d at 909 (quoting Dudnikov, 514 F.3d at 1080 (further quotations omitted)).

In this connection, the Court "determine[s] whether jurisdiction is reasonable by considering the following factors: '(1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies.'" Id. (quoting Pro Axess, Inc. v. Orlux Distribution, Inc., 428 F.3d 1270, 1279-80 (10th Cir. 2005)(further quotations omitted)).

Based on the record, the Court finds that GEICO has made the necessary showing. "'[A] state may . . . have an interest in adjudicating a dispute between two non-residents where the defendant's conduct affects forum residents[, or] . . . where resolution of the dispute require a general application of the forum state's laws.'" Employers Mutual Casualty Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1162 (10th Cir. 2010)(quotations omitted). In this case, however, no Oklahoma residents (save and except arguably counsel) have been affected by GEICO's conduct; therefore, even if Oklahoma law is applied to one or more of Satterfield's claims, the Court finds this State would have minimal interest, if any, in resolving a dispute between a nonresident plaintiff and a corporation that is incorporated, and has its principal place of business, in another state.

10

See McGee v. International Life Insurance Co., 355 U.S. 220, 223 (1957)(state has manifest interest in providing effective means of redress for residents when insurers refuse to pay claims).[15]

As to the third factor—whether Satterfield's interest in receiving convenient or effective relief is enhanced by litigation in this forum, the Court finds that while Oklahoma law may differ from Virginia law and that such difference may affect the monetary relief Satterfield may recover, Satterfield has not argued that her claims will be completely foreclosed if the Court declines to exercise jurisdiction over GEICO.[16]

"The fourth factor [of the Court's reasonableness inquiry further] asks 'whether the forum state is the most efficient place to litigate the dispute[,]'" TH Agriculture & Nutrition, 488 F.3d at 1295 (quotation omitted); "'[k]ey to this inquiry are the location of witnesses, where the wrong underlying the lawsuit occurred, [and] what forum's substantive law

---

[15]As the Tenth Circuit has stated, in discussing McGee: "[t]he presence of the plaintiff [in the forum is] . . . not the substantial connection[ for purposes of specific jurisdiction;] rather it [is] . . . the insurance company's purposeful acts soliciting business in the forum state. In contrast, there is no substantial connection between [an] . . . insurance contract . . . and the state of Oklahoma [where the contract is delivered in another state, the claim was filed by a resident of another state and no premiums were mailed from Oklahoma]." Rambo, 839 F.2d at 1421 n.8.

[16]Although Satterfield has argued that the laws of the State of Virginia differ in some respects from the laws of the State of Oklahoma, the issue of the applicable state law has not yet been resolved and Satterfield has advanced no argument that a court in another forum could not properly apply Oklahoma law, if necessary and appropriate. Compare 15 O.S. § 162 (contract is to be interpreted according to law and usage of place where it is to be performed, or, if contract does not indicate place of performance, according to law and usage of place where it is made) with Buchanan v. Does, 246 Va. 67, 431 S.E.2d 289 (1993)(laws of place where insurance contract is written and delivered controls issues as to coverage). Compare Christian v. American Home Assurance Co., 577 P.2d 800 (Okla. 1977)(in Oklahoma, insurer has implied duty to deal fairly and act in good faith with its insured and violation of this duty gives to rise to tort action for which consequential and punitive damages may be sought) with Manu v. GEICO Casualty Co., 293 Va. 371, 798 S.E.2d 598 (2017)(recognizing that Va. Code Ann. § 8.01-66.1(D)(1) provides remedy to insureds against insurers who arbitrarily refuse to pay claims owed under terms of insurance contract; in cases involving UM coverage, such duty is triggered when insured obtains judgment against uninsured tortfeasor and if breached, insured is entitled to recover amount due, plus double interest, together with legal fees and expenses).

governs the case[17] . . . .'" Id. (quotation and further citations omitted).  Relevant witnesses would likely include Satterfield, GEICO employees involved in the claims-handling process, and Satterfield's healthcare providers, since the primary dispute between the parties is GEICO's evaluation of Satterfield's injuries.  GEICO's employees and those retained to provide certain opinions are located in California and Texas; Satterfield resides in Virginia, and while some healthcare providers reside in Oklahoma, the majority of these individuals reside in Virginia.   Furthermore, while the wrong underlying Satterfield's claims—GEICO's decision that Satterfield was not entitled to UM coverage—was communicated to Satterfield's counsel in this State, GEICO's challenged conduct did not occur in Oklahoma.

In assessing the burden on a nonresident defendant, which the United States Supreme Court has deemed "the 'primary concern[,]'" Bristol-Myers, 137 S. Ct. at 1780 (quotation omitted), "requires [the] . . . [C]ourt to consider [more than just] the practical problems resulting from litigating in the forum,"[18] id.; the Court must also consider "the more abstract matter of [the defendant's] submi[ssion] to the coercive power of a State that . . . [has, as in this case,] little legitimate interest in the claims in question."  Id.

"The fifth factor of the reasonableness inquiry 'focuses on whether the exercise of personal jurisdiction by [this Court] . . . affects the substantive social policy interests of other states . . . . '"  TH Agriculture & Nutrition, 488 F.3d at 1297 (quotation omitted).  The Court finds that its exercise of jurisdiction could affect a policy interest of another state,

---

[17]See n.16, supra.

[18]If the Court's inquiry did focus solely on "practical problems [that would] result[ ] from litigating in th[is] forum," Bristol-Myers, 137 S. Ct. at 1780, the Court would find that GEICO would suffer little, if any, prejudice if obligated to defend this case in this State.

12

such as Virginia, since the plaintiff is a resident of that state and "Virginia has a compelling interest in providing a forum for its residents when insurers refuse to pay a claim." Rossman v. State Farm Mutual Automobile Insurance Co., 832 F.2d 282, 287 (4th Cir. 1987). In sum, the Court finds that the relevant factors weigh in favor of GEICO and against the Court's exercise of specific jurisdiction over this defendant.

The second type of jurisdiction—"general jurisdiction"—refers to a court's power to hear claims against a nonresident corporate defendant when that defendant's "affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" Daimler, 134 S. Ct. at 751 (quoting Goodyear, 564 U.S. at 919). Thus, "[e]ven when the cause of action does not arise out of or relate to the foreign corporation's activities in the forum State, due process is not offended by a State's subjecting the corporation to its in personam jurisdiction when there are sufficient contacts between the State and the foreign corporation." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984)(footnote and citations omitted). Having determined that the Court may not exercise specific jurisdiction over GEICO, the Court must consider whether it may exercise general jurisdiction.

In doing so, the Court has "'impose[d] a more stringent minimum contacts test,'" Old Republic Insurance, 877 F.3d at 904 (quoting Benton v. Cameco Corp., 375 F.3d 1070, 1080 (10th Cir. 2004)(further quotations omitted), "'[b]ecause general jurisdiction is not related to the events giving rise to the suit[.]'" Id. (quoting Benton, 375 F.3d at 1080) (further quotations omitted).

"The 'paradigm' forums in which a corporate defendant is 'at home[ ]' . . . are the corporation's place of incorporation and its principal place of business[,]" BNSF Railway

Co. v. Tyrrell, 137 S. Ct. 1549, 1558 (2017)(citing Daimler, 134 S. Ct. at 760; Goodyear, 564 U.S. at 924), which, in this case, are but one state—the State of Maryland. See Doc. 1-17. "The exercise of general jurisdiction [over a nonresident corporation, however,] is not [always] limited to [its place of incorporation and principal place of business] . . . ; in an 'exceptional case,' a corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that State.'" BNSF Railway, 137 S. Ct. at 1558 (quoting Daimler, 134 S. Ct. at 761 n.19).

To demonstrate GEICO's contacts in Oklahoma,[19] Satterfield has relied on a document prepared by the Oklahoma Insurance Department that lists insurance companies licensed to do business in this State, one of which is GEICO. See Doc. 13-7 at 2. That GEICO "is licensed[ and] regulated[ in Oklahoma]," Doc. 13 at 18, and "routinely conducts insurance business [in the State], and has done so for years[,]" id., does not, however, establish that GEICO is "so heavily engaged in activity in [Oklahoma] . . . 'as to render [it] essentially at home' in th[is] State." BNSF Railway, 137 S. Ct. at 1559 (citation omitted).

In any event, the Court's "general jurisdiction inquiry does not 'focu[s] solely on the magnitude of the defendant's in-state contacts.'" Daimler, 134 S. Ct. at 762 n.20 (quotation omitted). Rather, as the United States Supreme Court has held, "[g]eneral jurisdiction instead calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide[,]" id., and to aid the Court in its appraisal, Satterfield has directed the Court to the allegations in the second amended petition: GEICO "boasts that

---

[19]See Daimler, 134 S. Ct. at 761 (inquiry under Goodyear is not whether foreign corporation's in-forum contacts can be said to be in some sense "continuous and systematic," but rather, whether that corporation's "'affiliations with the State are so "continuous and systematic" as to render [it] essentially at home in the forum State'").

it is the second-largest private passenger auto insurer in the United States and employs more than 36,000 associates; maintains 16 major offices around the country, has [7] affiliated companies to meet insurance needs of drivers; and has more than 24 million auto policies in force." Doc. 1-12 at 3, ¶ 4.

Satterfield has not however demonstrated by these allegations that GEICO is "heavily engaged in activity in [Oklahoma,]" BNSF Railway, 137 S. Ct. at 1559; instead, she has only shown that GEICO "operates in many places." Daimler, 134 S. Ct. at 762 n.20; e.g., id. ("[C]orporation that operates in places can scarcely be deemed at home in all of them.   Otherwise, 'at home' would be synonymous with 'doing business[.]'"). Because Satterfield has not shown that GEICO is any more "at home" in Oklahoma than it is "at home" in any other state where it conduct operations, the Court finds Satterfield has not made a prima facie showing of general jurisdiction over GEICO.[20]

The Court has next considered whether venue in proper in this district.  Title 28, section 1391(b) of the United States Code provides in pertinent part that a civil action may be brought in

> (1) a judicial district in which any defendant resides . . . ; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which [the] . . . defendant is subject to the court's personal jurisdiction with respect to such action.

---

[20]See BNSF Railway, 137 S. Ct. at 1558-59 (fourteenth amendment due process constraint described in Daimler applies to all state-court assertions of general jurisdiction over nonresident defendants and does not vary with type of claim asserted or business enterprise sued).

28 U.S.C. § 1391(b). Because the Court has determined that it lacks in personam jurisdiction over GEICO under the narrow circumstances of this case,[21] the Court finds venue is improper in this judicial district under subsections (b)(1) and (b)(3).

To show that venue is proper under subsection (b)(2), Satterfield is required to show that "a substantial part of the events . . . giving rise to [her] claim[s] [against GEICO] occurred [in the Western District of Oklahoma] . . . ." Id. § 1391(b)(2).[22] The Court finds Satterfield has not made that showing: a substantial part of GEICO's investigation and evaluation of Satterfield's UM claim did not occur in Oklahoma, and because Satterfield has at all times resided in Virginia, any harm that she suffered as a result of GEICO's decision regarding UM benefits would not have been felt in this judicial district.[23]

GEICO has urged the Court transfer the matter under title 28, section 1406(a) of the United States Code. That statute provides that a

> court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought.

---

[21]For purposes of section 1391(b), a corporate defendant is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

[22]In determining whether venue is proper under section 1391(b)(2), the Court must first "examine the nature of the plaintiff's claims and the acts or omissions underlying those claims." Employers Mutual Casualty, 618 F.3d at 1166. The Court must then "determine whether substantial 'events material to those claims occurred' in the forum district." Id. (citations and footnote omitted). "'[T]he entire sequence of events underlying the claim[,]'" id., must be considered, and in making its determination, the Court is mindful that "venue is not limited to the district with the most substantial events or omissions." Id. at 1165 (citations omitted)(emphasis deleted).

[23]See Martin v. Gray, 385 P.3d 64, 67 (Okla. 2016)(injury from breach of duty of good faith and fair dealing occurs where insured is located); id. (conduct causing injury occurs where claim is handled).

28 U.S.C. § 1406(a).[24]

"Although . . . [section]1406(a) . . . contain[s] the word 'shall,' . . . [the Tenth Circuit] ha[s] interpreted the phrase 'if it is in the interest of justice' to grant [a] . . . district court discretion in making [the] . . .decision to transfer an action or . . . to dismiss the action without prejudice." Trujillo v. Williams, 465 F.3d 1210, 1222 (10th Cir. 2006)(citing United States v. Botefuhr, 309 F.3d 1263, 1274 n.8 (10th Cir. 2002)).  In exercising that discretion in this case, cf. id. at 1223 n.16 (outlining factors relevant under 28 U.S.C. § 1631(a)),[25] the Court finds that the interest of justice support a transfer of this action to the United States District Court for the Western District of Virginia, as GEICO has proposed, and not dismissal.

Based on the foregoing, the Court

(1) having determined that it lacks in personam jurisdiction over GEICO and that venue in the Western District of Oklahoma is improper,[26] GRANTS GEICO's Motion to Dismiss [Doc. 12] filed on December 12, 2017;

---

[24]"A court may . . . cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice." Trujillo v. Williams, 465 F.3d 1210, 1222 (10th Cir. 2006); e.g., Shrader, 633 F.3d at 1249 (transfer under section 1631 is discretionary option to cure deficiencies related to personal jurisdiction).

[25]"[F]actors warranting transfer rather than dismissal, at least under [28 U.S.C.] § 1631, include finding that the new action would be time barred, that the claims are likely to have merit, and that the original action was filed in good faith rather than filed after 'plaintiff either realized or should have realized that the forum in which . . . she filed was improper[.]'" Trujillo, 465 F.3d at 1223 n.16 (quotations and citations omitted).

[26]Because GEICO's arguments under Rules 12(b)(2) and 12(b)(3), supra, and section 1406(a) are dispositive, the Court has not considered GEICO's alternate argument that transfer of this action is warranted under section 1404(a).

(2) FINDS in the interest of justice that this matter should be transferred to the United States District Court for the Western District of Virginia pursuant to 28 U.S.C. § 1406(a) and 28 U.S.C. § 1631(a); and

(3) DIRECTS the Clerk of the Court to transfer this action to the Clerk of that judicial district.

ENTERED this _26th_ day of January, 2018.

LEE R. WEST
UNITED STATES DISTRICT JUDGE